UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SAM FITZGERALD, on behalf of herself and all
others similarly situated,

                  Plaintiff,                               **MEMORANDUM AND ORDER**
        - against -                                      17-CV-7074 (RRM) (RLM)

WILLIAMS & FUDGE, INC.,

                  Defendant.
-----------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Sam Fitzgerald brings this putative class action against Williams & Fudge, Inc., ("W&F"), alleging that a debt collection letter sent by W&F violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, ("FDCPA"), in three respects. Williams & Fudge now moves to dismiss all three causes of action alleged in the complaint. Fitzgerald does not contest the motion, but instead withdraws two causes of action and seeks permission to amend her complaint to cure a defect W&F has identified in her third cause of action. For the reasons below, W&F's motion to dismiss is granted and Fitzgerald's motion for leave to file an amended complaint is denied without prejudice to renewal.

## BACKGROUND

**I.     Factual Background**

      Unless otherwise noted, the following facts are drawn from the complaint, (Complaint ("Compl.") (Doc. No. 7)), and are assumed to be true for the purposes of this Order. As of July 11, 2016, Fitzgerald owed at least $54,307.15 on a past-due loan issued by United Guaranty. (Compl., Ex. A.) W&F sent Fitzgerald a letter on or about July 11, 2016, seeking to collect on the debt. (*Id.*; Compl. at ¶¶ 7–9.) The letter included the following text:

> As of the date of this letter, the amount placed into collections is $54,307.15. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an additional balance may remain after we receive your payment. For further information, write or call the undersigned.

(Compl., Ex. A.)

On July 11, 2017, Fitzgerald filed a summons with notice in the Supreme Court of the State of New York, Kings County, alleging that W&F's letter violated provisions of the FDCPA. (Notice of Removal (Doc. No. 1) at 1–2.) On December 5, 2017, W&F removed the action to this Court, invoking this Court's federal question jurisdiction over FDCPA claims. *See* 28 U.S.C. § 1331. (*Id.*) The Court subsequently directed Fitzgerald to file a complaint with the Court. (Order of 4/6/2018.) On April 13, 2018, Fitzgerald filed the instant complaint. (Compl.)

The complaint advances three FDCPA claims. First, Fitzgerald alleges that W&F's letter failed to "set forth the amount of the 'debt'" in violation of § 1692g(a)(1). (Compl. at ¶¶ 18–20.) Second, Fitzgerald alleges that W&F's letter was "false, deceptive or misleading" in violation of § 1692e. (*Id.* at ¶¶ 21–22.) Fitzgerald's third cause of action is premised on hypothetical facts rather than allegations. In reference to the above-quoted text from W&F's letter, Fitzgerald claims:

> If there is no agreement which allows the addition of all three of the aforementioned items, "interest, late charges, and other charges", [sic] W&F violated 15 USC § 1692g(a)(1), 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of setting forth in the above statement "interest, late charges, and other charges" rather than "interest, late charges, or other charges[.]"

(*Id.* at ¶ 25.)

**II.     Motion to Dismiss**

W&F now moves to dismiss all three causes of action in Fitzgerald's complaint. (Notice of Motion (Doc. No. 11).) Relying on the Second Circuit's recent decision in *Kolbasyuk v.*

2

*Capital Management Services, LP*, 918 F.3d 236 (2d Cir. 2019), W&F moves to dismiss the first cause of action, arguing that, by stating the amount due at the time the letter was sent, the letter fully complied with § 1692g(a)(1), despite not including the amount the debt would increase due to interest and other charges. (Memorandum of Law in Support of Motion ("Mot.") (Doc. No. 12) at 7–8.) W&F next moves to dismiss Fitzgerald's second cause of action under § 1692e, arguing that Fitzgerald pleads no specific facts in support of this claim. (*Id.* at 9.) Finally, W&F moves to dismiss Fitzgerald's third cause of action, arguing that W&F failed to plead facts to support the claim, and instead based its claim on a hypothetical – that W&F may not have had an agreement allowing the addition of interest, late charges, and other charges. (*Id.*) W&F also maintains that even if Fitzgerald included such an allegation, the claim would fail because the letter accurately states the current amount of the debt and the language about which Fitzgerald complains tracks the safe harbor language established in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016). (*Id.* at 10.)

In her opposition to the motion to dismiss, Fitzgerald withdraws her first and second causes of action. (Memorandum of Law in Opposition ("Opp. Mot.") at 1.) With respect to her third cause of action, Fitzgerald moves to amend her complaint in order to "affirmatively plead that there is no agreement which allows the addition of all three of the aforementioned items, 'interest, late charges, and other charges.'" (*Id.* at 1–2.) Fitzgerald seeks to argue on the basis of this allegation that W&F's use of the safe harbor language violated § 1692e because it misleadingly implied that interest, late charges, and other charges were *all* accruing when there was no agreement permitting all of those charges to accrue. (*Id.* 2–6.)

3

In its reply, W&F argues that Fitzgerald's request for leave to amend should be denied as futile. Even with the new allegation, W&F argues, the letter would not be misleading in violation of § 1692e. (Reply Memorandum ("Reply") (Doc. No. 14) at 4–6.)

## DISCUSSION

### I. Motion to Dismiss

As noted above, Fitzgerald has withdrawn her first and second causes of action. (Opp. Mot. at 1.) With respect to Fitzgerald's third cause of action, Fitzgerald appears to concede that she has not properly pled her third cause of action. In her opposition brief, Fitzgerald does not oppose W&F's arguments in favor of dismissing her third cause of action, and instead seeks to amend her complaint with respect to that cause of action. (*Id.*) Accordingly, each of Fitzgerald's causes of action as pled in the complaint should be dismissed.

### II. Leave to Amend

In her opposition to the motion to dismiss, Fitzgerald moves for leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a). (Opp. Mot. at 1–2.) However, under this Court's Individual Rules, Fitzgerald is not permitted to move for leave to amend without first filing a letter requesting a pre-motion conference. This Court's Individual Rule III(A)(2) provides:

> For any dispositive motion, motion for a change of venue or motion to amend a pleading pursuant to Federal Rule of Civil Procedure 15 (where leave of Court is required), a pre-motion conference is required. The movant shall send a letter to the Court, not to exceed three (3) pages, requesting such conference, with a brief description of the grounds for such motion. Such letter shall be served on all parties. Parties so served may serve and file a letter response, not to exceed three (3) pages, within five (5) days of service of the letter requesting a pre-motion conference.

Because Fitzgerald has not filed a letter requesting a pre-motion conference with respect to her motion for leave to amend her complaint, her motion for leave to amend is denied. Within 30

4

days of the date of this Order, Fitzgerald is directed to file a proposed amended complaint and a letter in compliance with this Court's Individual Rule III(A)(2). Within five days of service of the proposed amended complaint and letter, W&F shall file a response in compliance with Individual Rule III(A)(2). Upon receiving the parties' filings, the Court will determine whether a pre-motion conference is required regarding Fitzgerald's motion for leave to amend.

## CONCLUSION

For the foregoing reasons, W&F's motion to dismiss is granted and Fitzgerald's motion for leave to file an amended complaint is denied without prejudice to renewal. No judgment shall issue at this time. If Fitzgerald fails to file a proposed amended complaint and pre-motion conference letter within 30 days of the date of this Order, judgment may enter against her. This action is recommitted to the assigned Magistrate Judge for all remaining pre-trial matters, including settlement discussions if appropriate.

SO ORDERED.

Dated: Brooklyn, New York
      May 18, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge